**Robert James COOMER, Appellant,**

v.

**The STATE of Texas.**

**No. 719–00.**

Court of Criminal Appeals of Texas.

Oct. 4, 2000.

Tony Aninao, Houston, for appellant.

Rikke Burke Graber, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

MEYERS, J., delivered this dissenting opinion to the Court's refusal to grant Appellant's Petition for Discretionary Review.

In *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim.App.1997), this Court held that a probable cause ruling should be reviewed *de novo.* The Court of Appeals in the instant case suggests that when a witness' credibility was at issue in the suppression hearing, a probable cause question should be reviewed deferentially. *Coomer v. State,* No.01–98–01296–CR slip op. at 6, 2000 WL 5029 (Tex.App.-Houston [1 st Dist.] 2000) (not designated for publication). We should grant review to clarify that while we give deference to a trial court's findings as to historical facts that the record supports, the legal question is still subject to *de novo* review.

While the Court of Appeals recognized at the outset that determinations of probable cause should be reviewed *de novo, Coomer,* it went on to state that "[i]n reviewing a ruling on a question of the application of law to facts, we review the evidence in the light most favorable to the trial judge's ruling." *Id.* at 3. The Court further stated that "[b]ecause the evidence presented at the hearing was contradictory, and thus the decision was based on the credibility of the witnesses, we afford almost total deference to the trial judge and his findings...." *Id.* at 6.

In *Guzman, supra,* the Court examined the applicable standard for review of a probable cause determination, setting out the following guidelines:

> The amount of deference a reviewing court affords a trial court's ruling on a "mixed question of law and fact" (such as the issue of probable cause) is often determined by which judicial actor is in a better position to decide the issue.

> \* \* \*

> [T]he appellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The appellate courts, including this Court, should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. The appellate courts may review *de novo* "mixed questions of law and fact" not falling within this category. *Guzman,* 955 S.W.2d at 87, 89. Noting that "each search and seizure question must turn on the facts of that particular case," the Court went on to conduct a *de*

*novo* review of the probable cause issue. *Id.* at 90. Thus, probable cause, a mixed question of law and fact, is to be reviewed *de novo.* In conducting a *de novo* review, the reviewing court should give deference to the trial court's findings on historical facts. Thus, when there is contradictory testimony in a suppression hearing involving a probable cause question, the reviewing court does not give deference to the trial court's ruling on the probable cause issue, but only to the trial court's determination of historical facts, including contradictory testimony. In other words, the reviewing court should assume the facts are as the trial court found them, but determine *de novo* whether these facts would support a finding of probable cause.

I dissent to the Court's failure to take this opportunity to clarify this issue.